**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANK STEINER,**<br><br>Plaintiff,<br><br>v.<br><br>**BAKERY BARN, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. **26-1350** |

**MEMORANDUM OPINION**

## I. Introduction

Pending before the court is a partial motion to dismiss the age discrimination retaliation claims asserted in the complaint against defendant Bakery Barn LLC ("Bakery Barn") (ECF No. 13), with brief in support (ECF No. 14). Plaintiff Frank Steiner ("Steiner") filed a brief in opposition to the motion (ECF No. 15) and the motion is ripe for decision.

## II. Standard of Review

The Federal Rules of Civil Procedure govern motions to dismiss. Specifically, Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) works in conjunction with Rule 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

For a complaint to withstand a motion to dismiss, it must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To be

considered facially plausible, the facts of the claim must allow a court reasonably to infer that the defendant is liable for the alleged wrongdoing. *Id.* In addition to accepting the factual allegations as true, the court must also view those facts "in the light most favorable to the non-moving party." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

Following *Twombly* and *Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss[]" because '"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Likewise, "the court need not accept as true 'unsupported conclusions and unwarranted inferences,' or the plaintiff's 'bald assertions' or 'legal conclusions.'" *Cook v. W. Homestead Police Dep't*, No. 2:16-CV-01292, 2017 WL 1550190, at *2 (W.D. Pa. May 1, 2017) (quoting *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) and *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit laid out the following three-part process for a court to determine whether a complaint can survive a motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)).

## III. Background

Bakery Barn manufactures protein food bars. Steiner was the Director of Quality, with responsibility for food safety. Steiner was age 68 when Bakery Barn fired him. Complaint ¶ 10 (ECF No. 1). Steiner alleges that he was fired due to his age and his insistence on compliance with federal food safety laws.

The complaint asserts five claims: (1) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; (2) age discrimination under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 et seq.; (3) retaliation under the ADEA; (4) retaliation under the PHRA; and (5) whistleblower retaliation under the Food Safety Modernization Act, 29 C.F.R. § 1987.114.

The partial motion to dismiss is narrowly targeted. Bakery Barn seeks dismissal of the retaliation claims in counts 3 and 4 on the ground that Steiner failed to plead "protected activity." Bakery Barn does not seek dismissal of the age discrimination claims or the whistleblower retaliation claim.[1]

Paragraphs 59 and 62 of the complaint address Steiner's alleged age discrimination protected activity. He pleads that he "engaged in protected activity by opposing age-based assumptions regarding his employment, including when he rejected Bakery Barn's expressed expectation that he would retire and affirmatively stated that he intended to continue working." ¶¶ 59, 62. Those comments were made during a planning meeting with Human Resources Director Lisa Kruzan held shortly after 1440 Foods acquired Bakery Barn (in November 2024), in which she told Steiner the company expected him to retire. ¶ 25. Steiner's employment was

[1] There are numerous facts pleaded in the complaint about alleged food safety violations that Steiner reported.

terminated on May 2, 2025. ¶ 40.

Steiner's EEOC charge checked the box for age, but not retaliation. ECF No. 14-1. The narrative referenced the company's expectation that he would retire and his response that he had no plans to do so. *Id.*

## IV. Legal Analysis

ADEA and PHRA claims are governed by similar legal standards. *See Fasold v. Justice*, 409 F.3d 178, 184 n.8 (3d Cir. 2005) (ADEA and PHRA are generally applied identically and are governed by the same set of decisional law) (citation omitted).

The ADEA does not bar all retaliation – rather, as set forth in the statutory text, the ADEA prohibits an employer from retaliating against an employee because that employee opposed a practice constituting <u>age discrimination</u>. *See Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) ("the statute provides that a person has engaged in 'protected conduct' when s/he opposes discrimination on the basis of age.").

The statute provides:

> (d) It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment ... because such individual, member or applicant for membership has **opposed any practice made unlawful by this section**, **or** because such individual, member or applicant for membership has **made a charge, testified, assisted, or participated in any manner in an investigation**, proceeding, or litigation under this chapter.

29 U.S.C. § 623(d) (emphasis added).

The court discussed the kind of protected activity that is needed to sustain an ADEA retaliation claim in *Rosnick v. Norbert, Inc.*, No. CV 23-891, 2024 WL 4792005, at *16 (W.D. Pa. Nov. 14, 2024):

> To constitute "protected activity", the actions taken by an employee need not have been formal, and activities such as making complaints to management or writing critical letters may be protected, because it is the message conveyed not "the means of conveyance" that determines whether the activity is protected. *Curay–Cramer v. Ursuline Acad.*, 450 F.3d 130, 135 (3d Cir. 2006). The opposition to an illegal employment practice must, however, identify the practice complained of, "at least by context." *Id.* **Plaintiff's assertion that she did not intend to retire**, or her act of declining the RQAC position (even despite pressure to accept it), **simply do not rise to the level of a protected complaint of, or expressed opposition to, a discriminatory employment practice** or adverse action on which she may maintain a claim of discriminatory retaliation. *See, e.g., Barber v. CSX Distribution Services*, 68 F.3d 694, 701–02 (3d Cir. 1995) (holding that communication to employer that did not explicitly or implicitly allege the occurrence of an age-based unfairness did not charge discrimination and was not protected conduct).

*Id*. at *16 (emphasis added).

In *Barber*, the employee wrote a letter to the employer's human resources department in which the employee complained about unfair treatment in general and expressed dissatisfaction that someone else was awarded a position. The court held that because the letter did not specifically complain about age discrimination, it did "not constitute the requisite 'protected conduct' for a prima facie case of retaliation." *Barber*, 68 F.3d at 701–02.[2]

In this case, the court concludes that the complaint does not adequately plead a plausible ADEA retaliation claim. Steiner did not plead facts about any illegal practice of age discrimination which he opposed and did not plead any facts about the actions he took to oppose illegal age discrimination. Steiner did not aver that he participated in an investigation of age discrimination. As explained in *Rosnick*, the mere comment that he did not intend to retire does not arise to actionable "protected activity." Steiner's claims for age discrimination and <u>whistleblower</u> retaliation will proceed, but his claims for <u>age discrimination retaliation</u> are not

[2] The court is aware that *Rosnick* and *Barber* were not decided at the motion to dismiss stage.

cognizable.[3] In sum, counts 3 and 4 will be dismissed for failure to state a claim.

## V. Leave to Amend

Bakery Barn seeks dismissal with prejudice. The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15. A court must permit a curative amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Here, several factors weigh in favor of leave to amend. Steiner has not had an opportunity for a "second bite at the apple" by filing an amended complaint. There will be little time delay or prejudice because Steiner's other claims against Bakery Barn will continue. It is not certain that an attempt to amend his age discrimination retaliation claims against Bakery Barn would be futile. *Great Western Mining v. Fox Rothschild*, 615 F.3d 159, 174-75 (3d Cir. 2010). The court concludes that the dismissal will be without prejudice.

Steiner will need to file a motion for leave to file an amended complaint within the time limits to be set in the case management order (to be entered after the Rule 16 conference), which Bakery Barn will have an opportunity to oppose. Steiner's counsel is placed on notice that the court is unlikely to permit a second attempt at amendment.

---

3 The court notes, but does not decide, that Steiner may not have exhausted his age retaliation claims by not checking the box or including facts in the narrative to put the EEOC on notice. *See Barnes v. Seco Tools Inc.*, No. 1:24-CV-00026, 2026 WL 994684, at *8 (W.D. Pa. Feb. 10, 2026), report and recommendation adopted, No. 1:24-CV-26, 2026 WL 775931 (W.D. Pa. Mar. 19, 2026) (citations omitted). The court also notes the apparent lack of temporal proximity between Steiner's alleged protected activity in November 2024 and his termination 6 months later, in May 2025. *See Jones v. Educ. Testing Serv.*, No. 23-20326, 2026 WL 280527, at *5 (D.N.J. Feb. 3, 2026), aff'd, No. 26-1362, 2026 WL 2641350 (3d Cir. Sept. 8, 2026) (temporal proximity insufficient to establish a causal link where delay of six months between protected activity and termination) (citation omitted).

**VI. Conclusion**

For the reasons set forth above, the partial motion to dismiss (ECF No. 13) filed by Bakery Barn will be granted in part. The age discrimination retaliation claims against Bakery Barn in counts 3 and 4 will be dismissed without prejudice.

An appropriate order follows.

Dated: October 7, 2026

BY THE COURT

s/ Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE